IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DOUGLAS LEE MCDANIEL,

    Movant,

vs.                                        CIVIL ACTION NO. 04-8022-S
                                               CRIMINAL NO. 03-J-38-S

THE UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION

This is a motion to vacate, set aside, or correct a sentence, brought by a federal prisoner, pursuant to 28 U.S.C. § 2255.  The movant, Douglas McDaniel, was convicted in this court on April 1, 2003, on his plea of guilty to one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He was sentenced on July 16, 2003, to a term of imprisonment for 180 months, followed by a 60-month term of supervised release.

McDaniel filed a notice of appeal on July 29, 2003.  He was represented on appeal by the same attorney who had represented him in this court, Glennon F. Threatt, Jr.  Because McDaniel's plea agreement had included an appeal-waiver provision, the Eleventh Circuit Court of Appeals dismissed his appeal on December 30, 2003.  The current motion was thereafter filed on July 19, 2004.

In support of his motion to vacate, set aside, or correct his sentence, McDaniel claims that he received ineffective assistance of counsel as follows:

1) counsel told movant that he could appeal the decision of the district court to use his prior burglary conviction as a predicate offense for purposes of § 924(e) after movant signed a plea agreement waiving his right to appeal the sentence;

2) counsel failed to challenge the constitutionality of 18 U.S.C. § 924(e) on a variety of grounds;

3) because of ineffective assistance of counsel, his guilty plea was coerced and not a voluntary and intelligent waiver of his right to a trial by jury;

4) counsel was ineffective for failing to challenge the constitutionality of 18 U.S.C. § 922(g) as it represents a constructive and effective amendment to a provision of the Constitution that Congress failed to subject to the amendatory process in violation of Article V of the United States Constitution.

In response to the court's order to show cause, the respondent has filed an answer in which it maintains that the claims are due to be dismissed because they are procedurally barred and/or without merit. By order of the court, the parties were advised that the respondent's answer would be treated as a motion for summary dismissal. The movant was advised that in responding to the motion for summary dismissal, he must supply the court with counter-affidavits and/or documents to set forth specific facts showing that there are genuine issues of material fact to be decided. In response, the movant has filed an "affidavit" which was not signed before a notary public (doc. 8).

## **INEFFECTIVE ASSISTANCE OF COUNSEL**

The United States Supreme Court has established a national standard for judging the effectiveness of criminal defense counsel under the Sixth Amendment. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The Court elaborated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. "Because the [petitioner] must prove both deficiency and prejudice, a [petitioner's] failure to prove either will be fatal to his claim." *Johnson v. Scott,* 68 F.3d 106, 109 (5th Cir. 1995).

Under the *Strickland* test, the petitioner must initially show that counsel's representation fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "While it need not be errorless, counsel's advice 'must be within the realm of competence demanded of attorneys representing criminal defendants.'"

*Jones v. White*, 992 F.2d 1548, 1557 (11th Cir.1993)(*quoting Stano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir.)(en banc), *cert. denied*, 502 U.S. 835 (1991)).  In making such an evaluation, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  The effectiveness or ineffectiveness of counsel must be evaluated by consideration of the totality of the circumstances.  *Stanley v. Zant,* 697 F.2d 955, 962 (11th Cir.1983), *cert. denied,* 467 U.S. 1219 (1984).

The second requisite element in a claim of ineffective assistance of counsel is a showing of prejudice.  Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant can obtain relief only if the error caused actual prejudice.  *Strickland,* 466 U.S. at 691-92.  In order to establish "prejudice, [a petitioner] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Williams v. Taylor,* 529 U.S. 362, 391, 120 S.Ct. 1495, 1511-1512 (2000). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings.  *Strickland,* 466 U.S. at 694.  Furthermore, in addition to showing that the outcome would have been different, a petitioner must prove that "counsel's deficient performance caused the outcome to be unreliable or

the proceeding to be fundamentally unfair." *Armstead v. Scott,* 37 F.3d 202, 207 (5th Cir.1994)(*citing Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 844 (1993)). In other words, a "counsel's unprofessional errors [must] so upset the adversarial balance between the defense and prosecution that the trial was rendered unfair and the verdict suspect." *Fretwell,* 506 U.S. at 369, 113 S. Ct. at 842. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Fretwell*, 113 S. Ct. at 844.

In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985), the Supreme Court held that "the two- part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel," and that "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 58-59, 106 S. Ct. at 370-71. See also *United States v. Pease*, 240 F.3d 938 (11th Cir.2001).

McDaniel asserts numerous errors by his counsel. He asserts that but for these errors, he would have insisted on a trial. Most of his claims of ineffective assistance of counsel focus on sentencing enhancements applied due to movant's prior criminal history. He asserts that he could not have made an knowing and voluntary decision

to plead guilty and waive his right to appeal because he did not know what his sentence would be. Movant complains that he learned his prior burglary conviction would be used as a predicate offense for purposes of § 924(c) after he signed a plea agreement waiving his right to appeal the sentence.

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), provides a mandatory minimum sentence of fifteen years for anyone who violates 18 U.S.C. § 922(g) after three convictions for a violent felony or a serious drug offense. Movant asserts that his 1981 conviction for burglary should not have counted as a "violent felony" because he burglarized a business and not a dwelling.[1] Had the 1981 conviction not counted, the mandatory minimum of fifteen years would not have applied. The argument that the burglary must be of a dwelling for the sentencing enhancement to apply has been rejected by other courts. See e.g., *U.S. v. Matthews,* 2005 WL 2877680 (M.D.Ga.2005).[2]

---

[1] McDaniel argues that *Shepard v. United States* supports his contention that the burglary should not have been considered as a predicate offense. That case stated, "[t]he Act makes burglary a violent felony only if committed in a building or enclosed space ("generic burglary"), not in a boat or motor vehicle." *Shepard v. U.S.*, 544 U.S. 13, 15-16, 125 S.Ct. 1254, 1257 (2005). This does not assist McDaniel, who argues that the "burglary that I committed in the State of Alabama was not a residential burglary; it was a building used as a battery shop..." Affidavit of Petitioner (doc. 8), ¶ 15. As a building used as a battery shop is within the definition of a "building or enclosed space," the court finds the burglary was properly characterized as a violent offense.

[2] In *Matthews*, the Court noted:
The Government and counsel for Matthews initially argued that one of the prior convictions, the conviction for "burglary of a structure," did not meet the statutory definition of "violent" felony because it was not a burglary of a dwelling, the

McDaniel asserts that his counsel told him he was "only facing a sentence of 120 months. He did however, inform the movant that, he could be facing a penalty of 15 years to life." Motion to Vacate (doc. 28) at 5(b). At sentencing, movant's counsel raised an objection to this conviction being used for purposes of § 924(e). The sentencing court considered and rejected that argument, and found that the sentencing enhancement applied. Sentencing Transcript, at 5-6. The sentence movant received, 180 months, is at the lowest end of the 15 years to life sentencing range.

McDaniel's argument is thus that his counsel was ineffective for allowing him to enter a plea of guilty to the offense charged when counsel was not completely sure as to whether the sentencing enhancement would apply. During his plea, the court stated:

> If you decide midway through this plea that you don't want to do this, you want to stand on your plea of not guilty, then you may certainly do that, too. I don't want you to think that you are forced to do this. This is your decision, and it should remain your decision throughout this entire proceeding. Okay?

---

common law definition of burglary. However, in *Taylor v. United States,* the Supreme Court addressed this issue and held that "burglary" means an "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States,* 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The Supreme Court specifically rejected the common law definition of burglary as limited to burglaries of buildings and explained, "interpreting 'burglary' in § 924(e) to mean common-law burglary would not comport with the purposes of the enhancement statute. The arcane distinctions embedded in the common-law definition have little relevance to modern law enforcement concerns." *Id.* at 593.

*Matthews*, 2005 WL 2877680, *2 (M.D.Ga.2005).

Plea Transcript, at 3.  His plea hearing continued as follows:

> THE  COURT: Have you had enough time to discuss the facts of this case with your lawyer?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Have you had enough time to discuss with him your constitutional rights?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Are you satisfied with the services he has rendered you in connection with this case?
> THE DEFENDANT: Yes, ma'am.

Plea Transcript, at 4.

> THE COURT: Okay.  Has your lawyer explained to you what the elements of this offense are and what the punishment is, and do you understand it?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Do you understand that the punishment that is applicable to this offense are as follows: The maximum punishment is ... custody of not more than ten years...
> ....
> THE COURT: Do you understand that the United States Sentencing Guidelines apply to any sentence that is imposed in this case?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Okay.  Now, I want to tell you, not that I'm saying that this is applicable, because I don't know anything about your prior criminal history, other than what is stated in the indictment about the conviction in '92, but if it is determined by the probation office when they do your presentence report that you have also been convicted of at least three violent felonies or serious drug offenses on occasions prior to the date of this offense, which was the 21st day of May, 2002, there's a possibility that you will be subject to an enhanced penalty found at Section 924(e).
>     I cannot make that determination until the presentence report has been  completed....

>Like I told you, I don't know from your presence report, since I don't have one yet, what your prior history is. You know more about that than anybody else does, for that matter. But if your are found to have been convicted prior to the 21st day of May, 2002, of at least three violent felonies or serious drug offenses, that enhancement applies. Do you understand that?
>THE DEFENDANT: Yes, ma'am.
>THE COURT: Okay. Do you understand that even if the Court were not to follow the recommendation that the government has agreed to make in the plea agreement, you would not be allowed to withdraw your plea of guilty?
>THE DEFENDANT: Yes, ma'am.

Plea Transcript, at 6-8.

>THE COURT: Do you wish to enter a plea of guilty because you are guilty?
>THE DEFENDANT: Yes, ma'am.

Plea Transcript, at 12.

>THE COURT: At this time I ask you how do you plead to the offense of Count Number One?
>THE DEFENDANT: Guilty.
>THE COURT: Can you tell me what you did?
>THE DEFENDANT: I had a shotgun in the car with me, and I was riding down the road and got stopped for a cracked windshield. The officer took the weapon from me. I placed it in his custody.

Plea Transcript, at 13.

At the plea hearing, the court informed movant that the enhancement could apply to his sentence, however the court did not have the information before it at that time to state with certainty it would apply. He was also informed that the court did

not have to follow the recommendation of the government in the plea agreement. The movant then pleaded guilty.

These facts do not meet movant's burden to prove that "counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair." *Armstead v. Scott,* 37 F.3d 202, 207 (5th Cir.1994)(*citing Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 844 (1993)). Movant complains that he entered a plea of guilty based on his counsel's representation that the § 924(e) enhancement should not apply. "A lawyer's affirmative misrepresentation about the consequences of a guilty plea may, in some cases, fall below the wide range of professional competence. But ultimately, "[i]n any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Smith v. Singletary,* 170 F.3d 1051, 1054 (11th Cir.1999), citing *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052. The giving of legal advice that later is proven to be incorrect does not necessarily fall below the objective standard of reasonableness. *Singletary*, 170 F.3d at 1054, citing *Cooks,* 461 F.2d at 532 ("[C]ounsel's inability to foresee future pronouncements [by the courts] ⋯ does not render counsel's representation ineffective⋯. Clairvoyance is not a required attribute of effective representation.").

Movant was repeatedly informed that the § 924(e) enhancements might apply to his sentence. As such, the court finds McDaniel's claims of ineffective assistance of counsel on the several bases related to his sentence enhancement to be without merit. Additionally, McDaniel has not shown actual prejudice from counsel stating that § 924(e) should not apply. The application of sentencing guidelines is the province of the court. Had movant proceeded to trial, he could not have expected a lesser sentence had he been convicted. Therefore, movant has failed to show that "but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Williams,* 529 U.S. at 391, 120 S.Ct. at 1511-1512.

McDaniel also argues that his counsel was ineffective for failing to raise constitutional challenges to § 924(e) and § 922(g). The court finds this argument to be without merit. *See e.g., U.S. v. Phillips*, 2006 WL 1117882 (11th Cir.2006); *U.S. v. Davis*, 2006 WL 786711 (11th Cir.2006); *U.S. v. Carlisle*, 2006 WL 777862 (11th Cir.2006); *U.S. v. McGatha*, 891 F.2d 1520 (11th Cir.1990).

## **VOLUNTARINESS OF PLEA AGREEMENT**

McDaniel argues that his guilty plea was coerced and not a voluntary and intelligent waiver of his right to a trial by jury. McDaniel apparently argues that but for his counsel's belief that the § 924(e) enhancement should not apply, he would not

have pleaded guilty. The court finds this claim without merit. McDaniel stated under oath and in open court that he had a shotgun with him, which he turned over to an officer upon being stopped. McDaniel does not allege any means by which a trial would have changed the outcome. The issue of application of § 924(e) is not a jury question. See e.g., *McGatha,* 891 F.2d at 1524. Additionally, in spite of movant's argument otherwise, the court carefully questioned movant as to whether he understood that his sentence could be enhanced by §924(e). He responded that he understood this.

The movant asserts that counsel was ineffective by allowing him to waive his right to appeal prior to knowing the extent of the penalty to which movant could be exposed. As stated above, McDaniel was repeatedly informed before he entered his plea of guilty that he could receive sentence enhancements under § 924(e)(1). Therefore, the court finds McDaniel's argument that the appeal waiver in his plea agreement was not made knowingly and voluntarily to be without merit. *See e.g., Waller v. U.S.,* 2006 WL 372992, *1 (M.D.Fla.2006), citing *Williams v. United States,* 396 F.3d 1340, 1341 (11th Cir.2005) (citing *United States v. Bushert,* 997 F.2d 1343, 1350-51 (11th Cir.1993)), *cert. denied,* 513 U.S. 1051 (1994). The Eleventh Circuit has held that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to the plea agreement, precludes the defendant from attempting

to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." *Williams,* 396 F.3d at 1342. Therefore, court finds that movant's allegation that his waiver of his right to appeal the sentence was not intelligent, voluntary and knowledgeable to be without merit. Similarly, McDaniel's argument that counsel allowed him to waive his right to appeal prior to knowing the extent of the penalty to which he could be exposed does not meet his burden of establishing constitutionally inadequate counsel.

Further convincing this court that movant's claim on the voluntariness of his plea agreement has no merit is *Williams v. United States*, 396 F.3d 1340 (11th Cir.2005). In *Williams*, the Court held that a sentence-appeal waiver is valid if made knowingly and voluntarily. The court further stated that:

> While we have not addressed whether a sentence-appeal waiver includes the waiver of the right to challenge the sentence collaterally in the context of a § 2255 petition asserting ineffective assistance of counsel, every Circuit to have addressed the issue has held that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. *See United States v. White,* 307 F.3d 336, 341-44 (5th Cir.2002); *Garcia-Santos v. United States,* 273 F.3d 506, 508-09 (2nd Cir.2001); *Davila v. United States,* 258 F.3d 448, 451-52 (6th Cir.2001); *United States v. Cockerham,* 237 F.3d 1179, 1183-87 (10th Cir.2001), *cert. denied,* 534 U.S. 1085, 122 S.Ct. 821, 151 L.Ed.2d 703 (2002); *Mason v. United States,* 211 F.3d 1065, 1069-70 (7th Cir.2000), *cert. denied,* 531 U.S. 1175, 121 S.Ct. 1148, 148 L.Ed.2d 1010 (2001). We are persuaded by the foregoing consistent line of

authority from our sister Circuits on this issue, particularly since a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless.

Here, at the plea colloquy, the court specifically questioned Williams concerning the specifics of the sentence-appeal waiver and determined that he had entered into the written plea agreement, which included the appeal waiver, knowingly and voluntarily. *See Bushert,* 997 F.2d at 1351. The plain language of the agreement informed Williams that he was waiving a collateral attack on his sentence. Under these circumstances, the sentence-appeal waiver precludes a § 2255 claims based on ineffective assistance at sentencing. Accordingly, we affirm the district court's denial of collateral relief on this basis.

*Williams v. U.S.* 396 F.3d 1340, 1342 (11th Cir.2005). Under *Williams*, the court finds movant's claims on ineffective assistance of counsel precluded.

An appropriate order will be entered.

DONE this 6th day of June, 2006.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE